IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KELLY RAY HOLLIS, III**                                                               PLAINTIFF

v.                             No. 4:24-cv-669-DPM

**DEFENSE ADVANCED RESEARCH
PROJECTS AGENCY; MERRICK
GARLAND, U.S. Attorney General;
and JONATHAN D. ROSS, U.S. Attorney,
Eastern District of Arkansas**                                                       DEFENDANTS

ORDER

The Court must screen Hollis's complaint. 28 U.S.C. § 1915(e). This is his third lawsuit in this Court against the Defense Advanced Research Projects Agency and others* about the same events. *See* Case No. 4:22-cv-1042-KGB (E.D. Ark.) and Case No. 4:23-cv-731-DPM (E.D. Ark.). Hollis alleges that, while he was in the Air Force, he was part of a nonconsensual experiment, including various events that caused him mental and physical suffering. Both of his prior cases, this Court held, were barred by the United States' sovereign immunity and Hollis's failure to show any waiver of that immunity.

As before, Hollis's claim of intentional infliction of emotional distress is barred by sovereign immunity. The only proper defendant

---

* Hollis named Mark Garland, U.S. Attorney General, as a defendant. The Court directs the Clerk to update the docket with the correct name: Merrick Garland.

under the Federal Tort Claims Act is the United States. *Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (*per curiam*). As before, Hollis hasn't sued the United States. And the FTCA doesn't waive sovereign immunity for federal agencies. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475-79 (1994).

Hollis's claim would be barred even if he had sued the United States. He says that all his injuries occurred as part of his military service. Under the *Feres* doctrine, claims related to military service remain barred by sovereign immunity. *Feres v. United States*, 340 U.S. 135 (1950).

"Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. "[A]nd the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Hollis's complaint will therefore be dismissed without prejudice for lack of subject matter jurisdiction. Judgment will issue.

So Ordered.

*_____*
D.P. Marshall Jr.
United States District Judge

8 October 2024